**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RASHID WALKER,** : | |
| : | |
| Petitioner, : | Civil No. 16-1849 (ES) |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| **STEVEN JOHNSON, et al.,** : | |
| : | |
| Respondents. : | |

**SALAS, DISTRICT JUDGE**

Before the Court is Petitioner Rashid Walker's ("Petitioner's") motion for leave to amend his habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254. (D.E. No. 15). This Court has reviewed the relevant records and the parties' submissions. As explained more fully below, the Court will grant the motion for leave to amend and grant Petitioner's request for a stay.

*Background*. The Court recounts only the facts necessary to the instant Memorandum Opinion. Following two jury trials, Petitioner was convicted of murder, armed robbery, felony murder, receiving stolen property, and various weapons offenses. (*See* D.E. No. 8-74 at 115). Petitioner appealed the two sets of verdicts and sentences to the New Jersey Appellate Division[1] and raised the following claims.

On the first appeal, Petitioner argued:

> POINT I DEFENDANT HAD STANDING TO CHALLENGE THE SEARCH[E]S AT 77 HENRY STREET AND THE SEARCH AT 220 THIRD STREET.

---

[1] The first jury trial resulted in a hung jury on several counts of the indictment, and Petitioner was subsequently re-tried on the hung counts at a second trial. *See State v. Walker*, No. A-5769-03T4, 2008 WL 1988214, at *1 (N.J. Super. Ct. App. Div. May 9, 2008). The Appellate Division addressed Petitioner's appeals from both his first and second trial together. *See id.*

POINT II THE SEARCH AT 77 HENRY STREET WAS INVALID.

POINT III THE SEARCH AT 220 THIRD STREET WAS INVALID.

POINT IV THE VERDICT SHEET WAS INADEQUATE AND THE JURY CHARGE WAS CONFUSED WHICH MAY WELL HAVE LED TO THE INCONSISTENT VERDICTS HERE.

POINT V THE VERDICT ON COUNT TWO IS INCONSISTENT WITH THE NON-VERDICTS ON COUNTS ONE, THREE, AND FOUR.

POINT VI THE SENTENCE IS ILLEGAL.

POINT VII THE SENTENCE IMPOSED WAS EXCESSIVE AND NOT IN CONFORMANCE WITH THE CODE OF CRIMINAL JUSTICE.

On the second appeal, he contended:

POINT I THE TRIAL COURT ABUSED ITS DISCRETION AND DEPRIVED THE DEFENDANT OF A FAIR TRIAL IN PRECLUDING THE DEFENDANT FROM ADMITTING INTO EVIDENCE THE WRITTEN STATEMENT OF CODEFENDANT JAMES WALKER BECAUSE THE DEFENDANT FAILED TO WAIVE HIS SIXTH AMENDMENT RIGHTS UNDER *CRAWFORD V. WASHINGTON*.

POINT II THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM 77 HENRY STREET.

(A) THE DEFENDANT HAD STANDING TO CHALLENGE THE SEARCH.

(B) THE "CONSENT" OBTAINED BY THE POLICE WAS PRETEXTUAL AND WITHOUT LEGAL JUSTIFICATION.

POINT III THE DEFENDANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE THE DEFENDANT'S FIFTH AMENDMENT DOUBLE JEOPARDY RIGHTS WERE VIOLATED (NOT RAISED BELOW)

POINT IV THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL AT THE END OF THE STATE'S CASE ON COUNTS THREE AND FOUR CHARGING ROBBERY AND FELONY MURDER.

POINT V THE DEFENDANT'S RIGHT TO A FAIR TRIAL WAS PREJUDICED BY THE STATEMENTS MADE BY THE PROSECUTOR BEFORE AND DURING THE TRIAL.

(A) PRETRIAL COMMENTS ATTRIBUTED TO THE PROSECUTOR PREJUDICED THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO AN IMPARTIAL JURY.

(B) COMMENTS MADE BY THE PROSECUTOR IN SUMMATION PREJUDICED THE DEFENDANT'S RIGHT TO A FAIR TRIAL.

POINT VI THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT'S MOTION FOR MISTRIAL MADE AFTER THE DEFENDANT'S SCARF WAS DESCRIBED AS BEING "THE TYPE THAT THE GANG PEOPLE WEAR."

POINT VII THE SIXTY (60) YEAR SENTENCE WITH A NO EARLY RELEASE ACT (NERA) PAROLE DISQUALIFIER OF 85% IMPOSED ON THE DEFENDANT'S CONVICTION FOR MURDER ON COUNT ONE WAS MANIFESTLY EXCESSIVE AND AN ABUSE OF THE COURT'S DISCRETION.

In a *pro se* supplementary brief, Petitioner also argued:

POINT I DEFENDANT WAS DENIED BOTH HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS, TO DUE PROCESS OF LAW AS GUARANTEE[D] UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE 1 PARAGRAPH 1, TO [THE] NEW JERSEY CONSTITUTION.

*Walker*, 2008 WL 1988214, at *2–3.

The Appellate Division affirmed both of Petitioner's convictions but remanded the case for resentencing. *See id.* at *19. Petitioner appealed to the New Jersey Supreme Court, but his petition

for certification was denied on September 24, 2008. *See State v. Walker*, 957 A.2d 1174 (N.J. 2008). On June 16, 2008, Petitioner was resentenced by the trial court. (*See* D.E. No. 8-63). Petitioner again appealed, but his appeal was denied by the Appellate Division on March 10, 2010. (*See* D.E. No. 8-74 at 125). Petitioner did not seek a petition for certification from the New Jersey Supreme Court. (*See* D.E. No. 8-74 at 10-11).

On March 10, 2010, Petitioner filed a petition for Post-Conviction Relief ("PCR"). (*See* D.E. No. 8-74 at 126). Following a two-day evidentiary hearing and oral argument by the parties, Petitioner's PCR was denied. (*See id.* at 162). On appeal of his PCR denial, Petitioner raised the following claims to the Appellate Division:

Petitioner's counseled brief argued:

> DEFENDANT'S MURDER, FELONY MURDER, ROBBERY, RECEIVING STOLEN PROPERTY AND UNLAWFUL POSSESSION OF A WEAPON CONVICTIONS MUST BE REVERSED DUE TO TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO OFFER A CO–DEFENDANT'S EXCULPATORY STATEMENT IN EVIDENCE AND/OR FOR FAILING TO CALL THE CO–DEFENDANT AS AN EXCULPATORY WITNESS.

Petitioner's *pro se* brief raised the following arguments:

> I. PCR COURT ERRED WHEN HE FOUND DIRECT APPEAL COUNSEL WAS NOT INEFFECTIVE WHEN IT FAILED TO ADVANCE THE CLAIM THAT DEFENDANT'S RIGHT TO CONFRONTATION WAS VIOLATED WHEN THE PROSECUTOR INTRODUCED A FINGERPRINT ANALYSIS REPORT THROUGH THE IN–COURT TESTIMONY OF AN ANALYST WHO DID NOT AUTHOR, PERSONALLY PERFORM, OR OBSERVE THE ANALYSIS WHICH IS RECORDED IN THE REPORT CONTRARY TO U.S. CONST. VI AMEND. [AND] ART. I PAR. 10 N.J. CONST.
>
> II. PCR COURT ERRED WHEN IT FOUND THAT TRIAL COUNSEL WAS NOT INEFFECTIVE WHEN IT FAILED TO REQUEST A CONTINUANCE TO OBTAIN AN

INDEPENDENT ANALYSIS OF A PARTIAL LATENT PRINT U.S. CONST. VI AMEND; N.J. CONST. ART.I PAR. 10.

III. PCR COURT ERRED WHEN IT FOUND DIRECT APPEAL COUNSEL WAS NOT INEFFECTIVE WHEN IT FAILED TO CHALLENGE THE TRIAL COURT'S ABUSE OF DISCRETION WHEN IT BARRED COUNSEL FROM CROSS–EXAMINING DETECTIVE HERSCHEL RAWLS ... CERNING [sic] DAYRON JOHNSON CONTRARY TO U.S. CONST. VI AMEND; N.J. CONST. ART. I PAR. 10.

IV. PCR ERRED IN REFUSING TO SET ASIDE APPELLANT'S CONVICTIONS ON THE BASIS OF NEWLY DISCOVERED EVIDENCE BASED ON THE AVAILABILITY OF CO–DEFENDANT JAMES WALKER *STATE V. RASHID WALKER,* App. Div. (A–5769–03T4 Pg.39).

*State v. Walker*, No. A-2563-12T4, 2015 WL 3843441, at *2–3 (N.J. Super. Ct. App. Div. June 23, 2015).

The Appellate Division affirmed the denial of Petitioner's PCR. *See Walker*, 2015 WL 3843441, at *7 (N.J. Super. Ct. App. Div. June 23, 2015). And on February 17, 2016, the New Jersey Supreme Court denied certification. *See State v. Walker*, 130 A.3d 1247 (N.J. 2016).

On March 21, 2016, Petitioner filed the Petition.[2] (*See* D.E. No. 1). The Petition contains the following six grounds for relief:

> Ground One: The trial court abused its discretion and deprived the defendant of a fair trial in precluding the defendant from admitting into evidence the written statement of co-defendant James Walker because the defendant failed to waive his Sixth Amendment rights under *Crawford v. Washington.*
>
> Ground Two: Trial counsel was ineffective when it failed to call co-defendant as a witness or introduce his statement as a declaration against penal interest U.S. Const. VI Amend. N.J. Const. Art. I Par. 10.

---

[2] Although Petitioner's Petition was docketed on March 31, 2016, he signed it and placed it in the prison mailing system on March 21, 2016. (*See* D.E. No. 15 at 16). Under the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). The Court, affording Petitioner all favorable inferences, will use March 21, 2016 as the date he filed his Petition. *See id.*

5

Ground Three: The trial court abused its discretion in denying the defendant's motion for a judgment of acquittal at the end of the State's case on counts three and four charging robbery and felony murder.

Ground Four: Direct appeal counsel was ineffective when it failed to challenge the trial court's abuse of discretion when it barred counsel from cross examining Detective Herschel Rawls concerning Dayron Johnson contrary to U.S. Const. VI Amend.; N.J. Const. Art. I Par. 10.

Ground Five: PCR court erred in refusing to set aside appellant's convictions on the basis of newly discovered evidence based on the availability of co-defendant James Walker *State v. Rashid Walker*, App. Div. (A-5769-03T4 Pg. 39).

Ground Six: Direct appeal counsel was ineffective when it failed to advance the claim that appellant's right to confrontation was violated when the prosecutor introduced a fingerprint analysis report through the in-court testimony of an analyst who did not author, personally perform, or observe the analysis which is recorded in the report contrary to U.S. Const. VI Amend.

(*See* D.E. Nos. 1 and 3).

Respondents then filed an answer opposing the Petition. (*See* D.E. No. 10). On February 14, 2017, Petitioner filed a motion for leave to amend, raising the following new claims:

POINT I MOTION FOR NEW TRIAL BASED ON VIOLATION OF *BRADY V. MARYLAND*, 373 U.S. 83; THE PROSECUTOR'S TACTIC ROSE TO THE LEVEL OF MISCONDUCT IN SUCH A WAY THAT IT VIOLATED PETITIONER'S FUNDAMENTAL RIGHT TO DUE PROCESS AND A FAIR TRIAL U.S. CONST. V, VI, XIV AMENDS ART. I PAR. 10 OF THE N.J. CONST.

1.) Prosecutor Keith Hoffman failed to disclose the Passaic County Prosecutor's Office entered into a unilateral cooperation agreement with Dwight Jackson, and failed to disclose that Jackson provided exculpatory information that corroborated petitioner's defense during his first trial.

2.) Prosecutor Keith Hoffman withheld information concerning inducements offered to Dwight Jackson prior to taking the statement wherein he changed the exculpatory

6

> information he initially provided to inculpatory information in order to obtain the benefit of the inducements and the unilateral cooperation agreement. The statement was designed to change the facts of the case, to comport with a narrative created by the prosecutor in his closing arguments during petitioner's first trial which tainted the proceedings and undermined the confidence of the outcome of petitioner's second trial.
>
> 3.) Prosecutor Keith Hoffman failed to disclose material that was favorable to Petitioner's Motion for New Trial Based on Newly Discovered Evidence.

(*See* D.E. No. 15-1 at 2).

On August 25, 2017, Respondents submitted their opposition to the motion. (*See* D.E. No. 18). Petitioner filed a reply thereafter. (*See* D.E. No. 19).

*Analysis.* The Federal Rules of Civil Procedure are also applicable motions to amend habeas corpus petitions. *See Mayle v. Felix*, 545 U.S. 644, 654–55 (2005). "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any time during a proceeding." *See id.* at 655 (quoting Fed. R. Civ. P. 15(a)). Under Fed. R. Civ. P. 15, leave to amend pleadings shall be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

In habeas corpus petitions, amendments made after the statute of limitations has run must relate back to the date of the original pleading, and the original and amended pleadings must arise out of the same conduct, transaction, or occurrence. *Mayle*, 545 U.S. at 655. The relevant statute of limitations for habeas proceedings is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which states that habeas petitions must be filed within one year of the date on which the conviction becomes final. *See id.*; *see also* 28 U.S.C. § 2244(d).

Here, Petitioner's motion to amend was filed within AEDPA's one-year statute of limitations. Under 28 U.S.C. § 2244(d), a conviction becomes "final" for purposes of AEDPA on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In the instant case, Petitioner's judgments of conviction were entered on January 23, 2004, and November 12, 2004. (*See* D.E. No. 8-74 at 64–66 & 115-116). Direct review of those judgements of conviction did not conclude until March 10, 2010, the day the Appellate Division affirmed Petitioner's resentence. (*See id.* at 125). Petitioner was subsequently afforded twenty days under New Jersey law to seek appeal of the Appellate Division's decision. *See* N.J. Ct. R. 2:4(a). Since Petitioner did not seek such review, his judgment became final upon the expiration of those twenty days: March 30, 2010. *See* 28 U.S.C. § 2244(d).

On March 10, 2010, Petitioner also submitted a petition for PCR. (*See* D.E. No. 8-74 at 126). This filing tolled AEDPA's statute of limitations. *See* 28 U.S.C. § 2241(d)(2). Under 28 U.S.C. § 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). The pendency of Petitioner's PCR proceedings ended upon denial

of certification from the New Jersey Supreme Court on February 17, 2016. *Walker*, 130 A.3d at 1247. Consequently, Petitioner had one-year from February 17, 2016, or until February 17, 2017, to file his habeas Petition. Petitioner filed his original Petition on March 21, 2016 and then sought leave to amend his Petition on February 14, 2017. (*See* D.E. Nos. 1 and 15). Both of these filings were within AEDPA's one-year statute of limitations and therefore, timely. Thus, Petitioner's motion to amend is not required to "relate back" to the original pleading. *See Mayle*, 545 U.S. at 655. In determining whether to grant Petitioner's motion to amend, the Court will consider the liberal policy set forth by *Froman*.

Having reviewed the submissions by the parties and the applicable law, the Court does not find that Petitioner engaged in undue delay, bad faith, or dilatory motive: It appears that the impetus for Petitioner's filing of his motion to amend stemmed from a certification he received from a witness, Dwight Jackson, dated January 17, 2017. (*See* D.E. No. 15-2 at 24-27). Less than one month after the date of that certification, Petitioner filed his motion to amend. (*See id.* at 10). Additionally, the Court does not find that the new *Brady* violation claims raised in Petitioner's motion to amend are plainly meritless. *See Foman*, 371 U.S. at 181-82. Consequently, the Court will grant Petitioner's motion to amend.

It appears that Petitioner's new *Brady* violation claims, however, have not been exhausted at the state court level, and that Petitioner's amended Petition is mixed (i.e., it contains both exhausted and unexhausted claims). Under AEDPA, the Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (2d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Touslson v. Beyer*, 987 F.2d 984, 986–87 (3d Cir. 1993). To satisfy the exhaustion requirement,

9

"state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982). Here, the record demonstrates that Petitioner did not raise his *Brady* violation claims to all three levels of the New Jersey courts during either direct appeal or his PCR proceedings. The Petition is therefore mixed, and the Court may not adjudicate a mixed petition. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005).

In replying to Respondent's opposition to the motion to amend, Petitioner states that, "[a]s an alternative [to deciding his claims on the merits], in the interest of justice petitioner request[s] this honorable court grant a stay and abeyance to establish a full and complete state court record in accordance with *Rhines v. Weber*, 125 S. Ct. 1528." (*See* D.E. No. 19 at 10). Petitioner then goes on to explain why he should be granted a stay pursuant to *Rhines*. (*See id.* at 10–13). Since courts are instructed to construe pro se pleadings liberally, the Court construes Petitioner's reply brief as requesting a stay. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (holding that habeas petitions "prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously").

A stay and abeyance may be appropriate when a dismissal without prejudice would cause a petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See Rhines*, 544 U.S. at 275–76. As the Supreme Court instructed: "[S]tay and abeyance is . . . appropriate when the district court determines there was good cause for the

10

petitioner's failure to exhaust his claims first in state court." *See id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Having reviewed Petitioner's request, the Court finds there is good cause under *Rhines* to grant the stay: It appears Petitioner was not provided with Dwight Jackson's certification—a statement which forms the basis of Petitioner's *Brady* violation claims—until 2017. (*See* D.E. No. 15-2 at 24-27). Since Petitioner's direct appeal and PCR proceedings had concluded by 2016, the certification provided by Dwight Jackson in 2017 may not have been available to Petitioner during the state courts' review of his conviction, thereby making him unable to exhaust these claims in state court previously. There is also no indication that Petitioner engaged in intentionally dilatory tactics; Petitioner filed both his motion to amend and a second PCR in state court less than one month after the date of Dwight Jackson's certification. (*See* D.E. No. 15-1 at 50; D.E. No. 19 at 10–11). Furthermore, the Court cannot state that Petitioner's claims are "plainly meritless." *Id.* at 277. Therefore, the Court will grant Petitioner's request for a stay, stay the matter, and allow Petitioner to exhaust his habeas claims to all three levels of the state court.

***Conclusion***. For the reasons above, the Court will permit Petitioner to amend his habeas petition and grant Petitioner's request for a stay. If Petitioner intends to pursue habeas relief upon completion of his PCR proceedings in state court, he shall write to reopen this matter within sixty days of the completion of his state court proceedings. Failure to comply with this Memorandum Opinion and Order may result in the dismissal of this habeas petition with prejudice.

An appropriate order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**